JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Joseph Nelson ("defendant") appeals from the judgment of the trial court which, following a bench trial, convicted him of trafficking in drugs. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} On November 13, 2001, the defendant was indicted on one count of drug trafficking in violation of R.C. 2925.03 and one count of possessing criminal tools in violation of R.C. 2923.24. He pled not guilty to the charges, waived a jury trial, and the matter proceeded to a bench trial on March 11, 2002. Upon a Crim.R. 29 motion, the court dismissed the second count of the indictment.
 {¶ 3} At trial, Detective Rodney McClendon of the Cleveland Police Department testified that on November 13, 2001, he observed the defendant leaning into a car with his hand extended as if he was showing something to the driver of the vehicle. The detective testified that once the defendant noticed the vice cars, he immediately retracted his hand from the vehicle. He also stated that another male was leaning in from the passenger side of the vehicle who also pulled his hand away from the vehicle upon noticing the vice car. According to the detective, both men began to walk away from the vehicle, at which point their behavior aroused suspicion in the detectives that they were trafficking in drugs. The detective and his partner exited their vice cars and approached the two men to investigate. As the officers patted the defendant for their safety, they noticed a plastic bag protruding from his pocket. When asked what was in the bag, the defendant responded that it was his `weed' that he purchased for his own personal use. The detective confiscated the bag and found sixteen separate bags within it, each containing marijuana. The detectives also found one hundred twenty dollars on the defendant's person. When questioned, the defendant told the detective that he was merely reaching into the car to give his girlfriend money. The detective confirmed that the woman driving the vehicle, the defendant's alleged girlfriend, was carrying a significant amount of money on her. The detective also confiscated a pager and a cell phone from the defendant.
 {¶ 4} At trial, the defendant testified that on that evening, he walked to the neighborhood store where he ran into his girlfriend in the parking lot and then stopped to talk to her. He stated that he went into the store to buy her something, returned to the car, and reached into her window to hand her what he had purchased and her change. The defendant testified that the police happened to arrive at that moment.
 {¶ 5} The defendant admitted that he had been using marijuana for the past eleven years, purchasing varying amounts each time, depending on how much money he had available. On that day, the defendant testified that he had worked for his brother, who paid him in cash for helping to cut down trees. He admitted that he used the cash from his brother to purchase marijuana just minutes before he was arrested. The defendant maintained that he purchased the marijuana for his personal use.
 {¶ 6} Thereafter, the trial court found the defendant guilty of trafficking in drugs and sentenced him to nine months incarceration. It is from this ruling that the defendant now appeals, asserting four assignments of error for our review. We address together the first three assignments of error as they all challenge the adequacy of evidence presented at trial.
 {¶ 7} "I. The trial court erred in denying the defendant's Rule 29 motion when the state failed to offer evidence sufficient to sustain a conviction on the drug trafficking charge."
 {¶ 8} "II. The conviction was not supported by sufficient probative evidence."
 {¶ 9} "III. The conviction was against the manifest weight of the evidence."
 {¶ 10} The defendant urges that there is no evidence to support a conviction of preparation for sale of the marijuana found on his person at the time of his arrest. He maintains that the state failed to present sufficient evidence to establish the elements of this charge, that the trial court should have granted his Crim.R. 29(A) motion for judgment of acquittal, and furthermore, that the judge convicted him against the manifest weight of the evidence. The state asserts that sufficient circumstantial evidence supports the preparation for sale charge against the defendant.
 {¶ 11} With regard to procedure, we note that Crim.R. 29 provides:
 {¶ 12} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."
 {¶ 13} A Crim.R. 29 motion for judgment of acquittal is properly denied where the evidence is such that reasonable minds could reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. State v. Bridgeman (1978),55 Ohio St.2d 261, at the syllabus.
 {¶ 14} As to the claim of insufficient evidence, we note that when reviewing a challenge to the sufficiency of the evidence, an appellate court must view the evidence in a light most favorable to the prosecution and determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v.Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus, citingJackson v. Virginia (1979), 443 U.S. 307. Thus, a reviewing court will not overturn a conviction for insufficiency of the evidence unless we find that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh (2001), 90 Ohio St.3d 460. Moreover, the credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact, who observed the witness in person. State v. Antill (1964), 176 Ohio St. 61; State v. DeHass (1967),10 Ohio St.2d 230.
 {¶ 15} Lastly, in determining if a conviction is against the manifest weight of the evidence, the appellate court reviews the record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, citing Tibbs v. Florida (1982), 457 U.S. 31. The court should consider whether the evidence is credible or incredible, reliable or unreliable, certain or uncertain, conflicting, fragmentary, whether a witness was impeached and whether a witness had an interest in testifying. State v.Mattison (1985), 23 Ohio App.3d 10. The credibility of a witness is primarily an issue for the trier of fact, who observed the witness in person. State v. Antill (1964), 176 Ohio St. 61; State v. DeHass (1967),10 Ohio St.2d 230.
 {¶ 16} The elements of trafficking in drugs is set forth in R.C.2925.03, which states in relevant part:
 {¶ 17} "(A) No person shall knowingly do any of the following:
 {¶ 18} "(2)Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 19} In this case, the evidence, albeit circumstantial, supports the defendant's conviction for preparation of drugs for sale. The detective in this case testified that he witnessed the defendant leaning into a vehicle, as if offering drugs, and quickly retracting his hand and walking away from the vehicle upon noticing the police arrive. Furthermore, the defendant admitted to purchasing marijuana minutes before and walking to the neighborhood store where he was found with sixteen separate bags of marijuana on his person. The defendant admitted in his testimony that marijuana is generally packaged in this manner for resale purposes. Additionally, the detective also testified that the marijuana, which was packaged neatly in sixteen separate baggies, was more likely not intended for the defendant's personal use, rather for sale to another. In viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the defendant intended to sell marijuana and, therefore, that there was sufficient evidence by which to convict the defendant of preparation for sale. Furthermore, after reviewing the evidence and all reasonable inferences, and in resolving conflicts of the evidence, we cannot say that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Accordingly, we overrule the defendant's first three assignments of error.
 {¶ 20} "IV. The defendant was denied his constitutional right to a fair trial because of prosecutorial misconduct at trial which caused him substantial prejudice."
 {¶ 21} In his final assignment of error, the defendant alleges several instances of prosecutorial misconduct. The test for prosecutorial misconduct is whether the remarks made were improper and, if so, whether the rights of the accused were materially prejudiced. State v. Smith
(1984), 14 Ohio St.3d 13, 14. The conduct of a prosecuting attorney during the course of trial cannot be made a ground for error unless that conduct deprived the defendant of a fair trial. State v. Papp (1978),64 Ohio App.2d 203. Further, a presumption exists in a bench trial that the trial judge considered only the relevant, material and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary. State v. Lott (1990), 51 Ohio St.2d 160.
 {¶ 22} First, the defendant argues that the prosecutor improperly compared the time it takes to complete a drug sale with the time it would take to shoot someone, an act which was unrelated to the crime for which he was charged and unduly suggestive of violent behavior. When answering a question by the prosecutor on direct examination, the detective who arrested the defendant stated, "* * * It doesn't take but a minute to be involved in a drug transaction." (T.44). The prosecutor responded, "And just like it only takes a second for a person to pull a gun and kill somebody?" (T.44). The detective answered, "Yes. If you observe it, you move in." (T.44). The defense's failure to object to this comment waived all but plain error. State v. Slagle (1992), 65 Ohio St.3d 597, 604,605. While the prosecutor's comment alludes to a crime for which the defendant was not indicted, all of the detective's testimony prior to and following the prosecutor's comment dealt only with the detective's experience in investigating drug activity. Further, in reviewing allegations of prosecutorial misconduct, it is the duty of this court to consider the complained of conduct in the context of the entire trial.State v. Conklin (Dec. 17, 1998), Tuscarawas App. No. 1997AP110077. See, also, State v. Lane (1995), 108 Ohio App.3d 477. We cannot say that the prosecutor's comment amounts to plain error in the context of the entire trial, nor that the defendant presented evidence to overcome the presumption that the trial judge considered only the relevant, material and competent evidence in arriving at its judgment. The defendant next complains that the prosecutor improperly posed hypothetical questions to the defendant attempting to elicit testimony to the effect that the defendant would have sold drugs to a friend. Defense counsel objected to this line of questioning on the grounds of relevancy, which the trial court overruled. While the defendant does not challenge that ruling, he asserts that the prosecutor's questions amounted to prosecutorial misconduct. We disagree.
 {¶ 23} Lastly, the defendant avers that the prosecutor's misstatement of the testimony in his closing arguments amounted to prosecutorial misconduct. The prosecutor stated in his closing arguments, "* * * The state asserts that nobody can support that kind of habit for eleven years working fifty to sixty hours under the table for their brother. (sic) * * *." (T. 91) During the guilt phase of the trial, the defendant admitted to smoking marijuana for eleven years, except any time when he was incarcerated. Further, the defendant testified that at the time of his arrest, he was working approximately five or six hours a week for his brother. While the prosecutor misstated the testimony, we note that a prosecutor is afforded wide latitude in closing arguments. Statev. Jacks (1989), 63 Ohio App.3d 200. Again, the defendant failed to present evidence to overcome the presumption that the trial judge considered only the relevant, material and competent evidence in arriving at its judgment.
 {¶ 24} In this case, we are not persuaded by the defendant's claims of prosecutorial misconduct, as there is no affirmative showing to overcome the presumption as stated above. Rather, we find that the verdict was properly supported by the evidence that the police witnessed the suspected drug activity, approached the defendant and thereafter confiscated the marijuana that the defendant had purchased, which was packaged for resale. The judge heard the defendant testify that he did, in fact, purchase the marijuana and walk to a nearby store where he was found leaning into a vehicle with his hand extended and where a change of money occurred. Because sufficient evidence existed to support the defendant's conviction, we are unable to say that the prosecutor's alleged misconduct amounted to plain error. We therefore overrule this assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., AND DIANE KARPINSKI, J., CONCUR.